## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANCISCO MARTINEZ-MENCHACA,** **et al,** | } } } | |
| **Plaintiffs,** | } } | |
| **v.** | } } | **Case No.:  2:21-cv-01182-RDP** |
| **DELTA AIR LINES, INC., et al.,** | } } } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Plaintiffs' Motion to Remand. (Doc. # 6). The Motion

has been fully briefed, and is ripe for review. (Docs. # 13, 19). For the reasons discussed below,

the court concludes Plaintiffs' Motion to Remand (Doc. # 6) is due to be granted.

### I.    Background

On February 5, 2021, Plaintiffs filed this lawsuit against various Defendants in the Circuit

Court of Jefferson County, Alabama, Birmingham Division. (Doc. # 1-3 at 14). On July 25, 2021,

Plaintiffs amended their complaint to add Delta and DAL Global Services, Inc. as defendants.

Plaintiffs alleged that Delta was negligent and committed the tort of outrage in transporting the

mortal remains of Francisco Martínez-Jiménez from Alabama to Mexico. (Doc. # 1-1). Plaintiffs

allege that Delta committed these state law torts by failing to transport the deceased's remains in

a timely manner and that when they arrived in Mexico, they were in a state of decomposition.

(Doc. # 1-1 at ¶¶ 46-47).

Plaintiffs are the immediate family of the deceased**.** Delta is an air carrier engaged in the

business of transportation of property in interstate and international transportation. (Doc. # 1-1 at

¶¶ 14-16). On August 27, 2021, Delta removed the case to this court asserting the existence of federal question jurisdiction based on preemption. (Doc. # 1).

## II.      Standard of Review

Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Indeed, federal courts may only exercise jurisdiction conferred upon them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" so that "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *see Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) (citation omitted) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

Generally, any action filed in state court, over which a district court would have original jurisdiction, "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014). Federal courts strictly construe removal statutes and resolve all doubts in favor of remand. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-30 (11th Cir. 2006).

## III.     Analysis

In their Notice of Removal, Delta asserts that "Plaintiffs' claims raise federal question jurisdiction based on preemption." (Doc. # 1 at ¶ 11). Generally, the "presence or absence of

federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Indeed, "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987).

However, there is "an 'independent corollary' to the well-pleaded complaint rule [] known as the 'complete pre-emption' doctrine." *Id.* at 393. The Supreme Court has explained the complete pre-emption corollary to the well-pleaded complaint rule as follows:

> On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Id.* (internal citations omitted). "The Supreme Court of the United States 'has recognized only a few federal statutes that so pervasively regulate their respective areas that they have complete preemptive force,' [] such as § 301 of the Labor Management Relations Act; § 502(a) of the Employee Retirement Income Security Act of 1974; and §§ 85 and 86 of the National Bank Act." *Parrish v. City of Albuquerque*, 2021 WL 1923627, at *2 (D.N.M. May 13, 2021) (internal citation omitted). Here, Defendants argue that "The Montreal Convention governs the claims even though they are couched in terms of state law claims and do not specifically mention the Convention." (Doc. # 1 at ¶ 12).

While courts are divided on whether complete preemption applies to the Montreal Convention, "the majority approach [] holds that the Montreal Convention does not provide a basis for removal under the doctrine of complete preemption." *Rocha v. Am. Jets, Inc.*, 2014 WL

12626317, at *3 (S.D. Fla. Nov. 17, 2014) (collecting cases); *see also Benjamin v. Am. Airlines, Inc.*, 2014 WL 3365995, at *4 (S.D. Ga. July 9, 2014) ("[A] trending majority finds preemption not absolute, but instead 'extends no further than the Convention's own substantive scope'"). Defendants have not cited any binding Supreme Court or Eleventh Circuit case law holding that the Montreal Convention completely preempts state law claims and therefore provides a basis for removal.

Rather, Defendants cite *El Al Israel Airlines v. Tsui Yuan Tseng*, which holds that "recovery for a personal injury suffered on board [an] aircraft or in the course of any of the operations of embarking or disembarking, if not allowed under the Convention, is not available at all." 525 U.S. 155, 161 (1999) (internal citations omitted). However, Delta's reliance on *Tseng*, as well as its reliance on *Marotte v. American Airlines, Inc.*, 296 F.3d 1255 (11th Cir. 2002), is misplaced. Neither of these cases addresses "the application of the complete-preemption doctrine to determine whether removal was proper." *Rocha*, 2014 WL 12626317, at *2. This court is persuaded by the majority approach, which holds that the Montreal Convention does not provide a basis for removal under the doctrine of complete preemption. *See Rocha*, 2014 WL 12626317, at *3; *see also Narkiewicz-Lane v. Scandinavian Airlines Systems*, 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008) ("Because the conditions and limits of the Montreal Convention are defenses to the state-law claims raised by [the] plaintiff, they do not provide a basis for federal-question subject matter jurisdiction.").

Delta also argues that removal of this action is proper because Plaintiffs' claims allegedly "raise federal question jurisdiction because an international carrier's limitation of liability is governed by federal common law," and "[f]ederal jurisdiction exists if the claims in the case arise under federal common law." (Doc. # 1 at ¶ 13). In *Pipino v. Delta Air Lines, Inc.*, the court

considered the question of whether the Federal Aviation Act of 1958 ("FAA"), as amended by the

Airline Deregulation Act of 1978 ("ADA"), preempts a plaintiff's common law negligence claim

against a major airline carrier. *Pipino v. Delta Air Lines, Inc.*, 2015 WL 4450039, at \*2 (S.D. Fla.

July 20, 2015). The *Pipino* court stated that "[n]umerous district courts agree that the ADA does

not preempt traditional state law claims sounding in negligence." *Pipino,* 2015 WL 4450039, at

\*3 (citing *Psalmond v. Delta Air Lines, Inc.*, 2014 WL 1232149, at \*4 (N.D. Ga. Mar. 25, 2014)

(remanding case because ADA did not preempt state law negligence and gross negligence claims

based on emergency evacuation from aircraft); *Trinidad v. Am. Airlines, Inc.*, 932 F. Supp. 521,

526 (S.D. N.Y. 1996) ("services" of airline "necessarily exclude an air carrier's common law duty

to exercise ordinary care") (collecting cases); *Moore v. Nw. Airlines, Inc.*, 897 F. Supp. 313, 315

(E.D. Tex. 1995) (ADA did not preempt negligence claim arising out of "boarding procedures"

because the services complained of were not "boarding procedures in their economic or contractual

dimension"); *Jamerson v. Atl. Se. Airlines*, 860 F. Supp. 821, 826 (M.D. Ala. 1994) (holding the

ADA "does not preempt state law personal injury claims for negligence against airlines," and

noting "that the great weight of authority is against a finding of preemption" in this particular

context.). Thus, this argument also fails to satisfy Delta's burden of establishing the existence of

federal subject matter jurisdiction. *See Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1291

(11th Cir. 2004) ("[F]ederal law should be found to completely preempt state law only in statutes

with extraordinary preemptive force.").

## IV.    Conclusion

Because neither the Montreal Convention nor federal common law preempts Plaintiffs'

exclusively state law claims to such an extent as to provide a jurisdictional basis for removal,

Plaintiffs' Motion to Remand (Doc. # 6) is due to be granted and this case remanded to the Circuit

Court of Jefferson County, Alabama. A separate order will be entered.

   **DONE** and **ORDERED** this October 28, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE